BRUNOT, J.
 

 This is a suit attacking the validity of an election held in sewerage district No. 1 of the town of Slidell,' upon a proposition to incur debt and issue bonds of the district, in the sum of $40,000, for the purpose of improving the sewers and sewage disposal works of the district. The prayer of the petition is for a decree annulling the election and all of the proceedings leading up to it, and for an injunction restraining the issuance and sale of the bonds, and the levy of the proposed tax, etc.
 

 The defendant excepted to the petition.as not disclosing a right or cause of action. The exceptions were maintained, the suit was dismissed, and the plaintiff appealed.
 

 The plaintiff is a citizen, elector, and taxpayer of the district. The defendant is a political subdivision, comprising in area and population the greater part of the town of Slidell.
 

 ' The election carried by an overwhelming majority both in number and property valuation.
 

 The plaintiff attacks the legality and constitutionality of the election upon three grounds, viz: That it is illegal and unconstitutional for a sewerage district to incur debt and issue bonds for the purpose of improving its sewers or sewage disposal works; that the governing authorities of sewerage district No. 1 announced,' at a mass meeting held prior to the election, that a part of the money realized from the sale of the bonds would be used to pay debts of the town of Slidell; and that the commissioners of election did not deliver to the clerk of the court
 
 *1022
 
 the duplicate tally sheets and compiled statements showing the result of the election.
 

 It appears that subsequent to the institution of this suit, but before the hearing on the exceptions, the tally sheets and compiled statements were filed in the clerk’s office. In the absence of allegations of collusion or fraud, the mere untimely filing of the tally sheets and compiled statements will not invalidate an election. The time fixed for their filing is a directory, not a mandatory, provision of the law.
 

 What the governing authorities of the sewerage district may have said at a pre-election mass meeting of the electors is of no consequence. The proper time to complain of their utterances, if the occasion ever arises to do so, is when it is sought to make them effective by the official acts of that body.
 

 The case, therefore, presents but one question, i. e., whether or not a sewerage district may lawfully incur debt and issue bonds for the purpose of improving its sewers and sewage disposal works. In a well-reasoned opinion, in which the pertinent constitutional provisions and legislative acts are cited, the district judge has affirmatively, and we think correctly, answered this question. We quote from his opinion, with approval, the following:
 

 ■ “(1) Under the original Constitution of 1921, article 14, § 14 (a), certain political subdivisions of the State, including sewerage districts, were authorized to incur debt and issue negotiable bonds therefor, when authorized by a majority of the property taxpayers thereof, in amount and number, after proper advertisement, and requiring the governing authorities of subdivisions to impose a tax sufficient to meet, the maturing bonds and interest as they matured. This paragraph (a) of the said section 14 of article 14, was amended by Act No. 51 of 1926,
 

 so as to include waterworks and sub-waterworks districts. This amendment of 1926 has been held constitutional and in effect. [East Jefferson Waterworks Dist. v. Caldwell & Co.] 170 La. 326 [127 So. 739],
 

 “Under paragraph (c) of said section 14 of article 14, of the original Constitution of 1921, sewerage districts were authorized, through their governing authorities, to incur debt and issue negotiable bonds to construct sewers and sewerage disposal works for such districts, however, this right was conditioned on the Legislature passing a general law granting such permission under the limitations and conditions therein contained. This paragraph was amended by Act No. 177 of 1924, adopted November 4th, 1924, which extended the power of the Legislature in this respect by giving the Legislature the right to authorize municipalities by general law to create sewerage districts whose territory should be less than the territory of the municipality, and to authorize such sewerage districts through their governing authorities, to incur debt and issue negotiable bonds for the purpose of constructing and maintaining sewers and sewerage disposal works.
 

 “By section 10 of article 10 of the Constitution, for the purpose of constructing or improving sewerage works, any political subdivision of the State may .levy a tax, not to exceed five mills on the dollar, provided said tax is voted by the electors and tax payers in the manner set forth therein. This does not provide for the issuance of bonds or incurring debt.
 

 “Erom the above quoted provisions of the constitution, it appears that sewers or sewer works can be constructed either by a special tax under article 10, § 10, or by the incurring of debt and issuing bonds, under' article 14, § 14, pars, (a) and (c). Sewers and sewer
 
 *1024
 
 age works can be improved (if we limit the meaning and authority as set forth in paragraph (c) § 14, art. 14, as contended by plaintiff) only by a special tax levied by the political subdivision under article 10, section 10. Such sewers and sewerage works can be maintained (according to his contention) only by the proceeds of bonds issued under article 14, § 14, par. (c), as amended by said Act No. 177, 1924, adopted Nov. 4, 1924. These various provisions of the Constitution are cited merely with a view of arriving at the evident intention of the framers of that document with reference to the matter now for decision.
 

 “The pertinent acts of the legislature passed under the above authority and affecting this case are Act No. 46-of 1921 (Ex. Sess.) and Act No. 209 of 1924 and Act No. 287 of 1926. The Act of 1924 added to the purposes for which debt could be incurred and bonds issued by a sewerage district that of maintaining as well as constructing sewers in said district. The Act of 1926 did not change the law in this respect, so it is unnecessary for the purposes of this case to determine whether Act No. 287 of 1926 is constitutional or not as it would not change Act No. 209 of 1924, unless that act is also unconstitutional.
 

 “Unless it can be said that the intention and purport of paragraphs (a) and (c)'of the Constitution, article 14, § 14, and the above acts passed in pursuance thereof, give the defendant Sewerage District authority to incur debt and issue bonds to improve the sewers in said district, there would seem to be no direct authority for doing so. It would appear that there is much more occasion for issuing bonds to improve sewers than to maintain them. Conversely, it would equally appear to be more reasonable to levy a running tax under section 10, article 10 of the Constitution, to maintain sewers rather than to improve them, as improving requires a greater outlay of funds than maintaining. Improving is more in the nature of constructing. Did the framers of the constitution use the words construct and maintain in paragraph (c) of article 14, § 14, with the idea of including outlays for improving sewers? If they did not, then it is apparent that the only way to raise funds to improve sewers is by a special tax under article 10 of section 10. The word improve is less inclusive than the word construct, but more inclusive than the word maintain. In determining the authority of a sewerage district to incur debt and issue bonds, paragraphs (a) and (c) of section 14, article 14, should he construed together. If we construe these two paragraphs together, and apply the meaning and purpose of the acts passed in pursuance thereof, there is no reason why improve may not be included in the purpose for which debt can be incurred and bonds issued. To say that the district could incur debt and issue bonds to get funds with which to repair the pipes, by putting in the same kind of material, and yet not use the funds to put in improved pipes, i tanks and other equipment, which would be classed as improvements, would seem to be too narrow a construction of the words. For this reason I am of the opinion that the proceedings had calling the said election, and holding same, for the purpose of incurring debt and issuing bonds to improve the sewers of the district was within the purpose and intent of the provisions of the Constitution and laws above quoted, and therefore, plaintiff’s petition sets’ forth no cause of action on that ground.”
 

 For the foregoing reasons the judgment appealed from is affirmed, at appellant’s cost.